UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAYMOND LeFEVRE,<br>    Plaintiff,<br><br>    v.<br><br>FISHERS ISLAND FERRY DISTRICT, *et al.*,<br>    Defendants. | No. 3:17-cv-01065 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Raymond LeFevre ("Plaintiff") filed a Complaint in this Court against Fishers Island Ferry District ("Ferry District"), the Town of Southold, and, in their official and individual capacities, William R. Bloethe, II, Peter Rugg, Diana Shillo, and Andrew Ahrens (together, "Individual Defendants"). Compl., ECF No. 1.

On October 12, 2017, the Town of Southold moved to dismiss or, in the alternative, to transfer venue to United States District Court for the Eastern District of New York ("Eastern District of New York"), arguing that the Court lacks personal jurisdiction. First Mot. to Dismiss, ECF No. 25.

On November 11, 2017, the Individual Defendants moved to dismiss the Complaint, arguing that the Court lacks personal jurisdiction. Second Mot. to Dismiss, ECF No. 38.

For the following reasons, the motions are **DENIED** as moot.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Mr. LeFevre, who lives in Connecticut, allegedly worked for the Fishers Island Ferry District from 2007 until October 15, 2015, in Suffolk County, New York. Compl. ¶¶ 11, 17.

The Fishers Island Ferry District, a municipal corporation located in Suffolk County, New York, is operated by a Board of Commissioners and fiscally overseen by the Town of Southold. *Id.* ¶ 11. Bloethe, Rugg, Shillo, and Ahrens allegedly were elected Commissioners for the Fishers Island Ferry District's Board. *Id.* ¶¶ 12–16.

A.     **Factual Allegations**

In 2007, the Fishers Island Ferry District allegedly hired Mr. LeFevre to work as a "Ticket Agent/Freight Agent." *Id.* ¶¶ 17–18. In 2013, Mr. LeFevre allegedly was diagnosed with Type II Diabetes and Sleep Apnea. *Id.* ¶ 19. Mr. LeFevre alleges that he made the Ferry District aware of his diagnoses and that he needed to work "with consistent hours in order for him to control his food intake." *Id.* ¶ 20. Mr. LeFevre allegedly requested to be scheduled from 6 a.m. until 2 p.m. to help regulate his sleep cycles and glucose levels. *Id.* ¶ 21.

At the beginning of April 2014, Nick Espinoza, a scheduler for the Ferry District, allegedly scheduled Mr. LeFevre to work forty hours over six days per week with shifts that would occur at different times throughout the week. *Id.* ¶¶ 22–23. Mr. Espinoza also allegedly scheduled Mr. LeFevre to work from 12 p.m. until 10:15 p.m. on every other Friday. *Id.* ¶ 23.

Mr. LeFevre alleges that the inconsistency in his working schedule caused "dangerous elevations" of his glucose levels and affected his sleep apnea. *Id.* ¶¶ 24–25. Around October 1, 2014, Mr. LeFevre allegedly informed Roland Burns, Operations Manager for District, that his varying work schedule led to difficulties in his ability to regulate his glucose levels during his working shift and worsened his sleep apnea. *Id.* ¶¶ 22, 26. Mr. LeFevre allegedly visited an emergency room, which showed "dangerous elevations in LeFevre's glucose."[1] *Id.* ¶ 28. After his visit to the emergency room, Mr. LeFevre allegedly informed Mr. Burns of his health issues

---

[1] The Complaint does not specify a date Mr. LeFevre visited the emergency room.

2

and requested not to work evening shifts. *Id.* ¶ 29. Mr. Burns allegedly told Mr. LeFevre to appear to his scheduled evening shift on Friday October 3, 2014. *Id.* ¶ 30.

On October 3, 2014, at approximately 3 p.m., Mr. LeFevre allegedly became ill and told Mr. Burns he needed to leave work. *Id.* ¶ 31. Mr. Burns allegedly denied Mr. LeFevre medical leave from his shift on October 3, 2014, and instead sent Mr. LeFevre home on an unpaid suspension for insubordination and disruptive behavior. *Id.* ¶ 32.

On November 14, 2014, Mr. LeFevre allegedly was notified that the Ferry District filed charges against him. *Id.* ¶ 33. A hearing allegedly took place on June 23 and June 24, 2015. *Id.* ¶ 34. On September 11, 2015, the Hearing Officer allegedly issued a decision recommending that Mr. LeFevre be dismissed. *Id.* On October 23, 2015, the Ferry District's Board, including the Individual Defendants, allegedly accepted the Hearing Officer's recommendation and passed a resolution to terminate Mr. LeFevre as an employee "'effective October 12, 2015[.]'" *Id.* ¶¶ 35–36. On November 5, 2015, the Town of Southold approved the Ferry District's resolution to terminate Mr. LeFevre. *Id.* ¶ 37.

B.   **Procedural Background**

On June 27, 2017, Mr. LeFevre filed a Complaint in this Court. Mr. LeFevre asserted violations of the Age Discrimination in Employment Act ("ADEA"), Pub. L. No. 90-202, 80 Stat. 602 (1967) (Count One); a violation of the Fourteenth Amendment of the United States Constitution, as enforced by 42 U.S.C. § 1983, for age discrimination (Count Two); a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* (Count Three); an additional violation of the Fourteenth Amendment of the United States Constitution, as enforced by 42 U.S.C. § 1983, for disability

3

discrimination (Count Four); and a violation of Connecticut General Statutes §§ 46a-60(2)(1) (Count Five). *Id.* ¶¶ 38–48.

On October 12, 2017, the Town of Southold moved to dismiss, or in the alternative, to transfer venue to Eastern District of New York. First Mot. to Dismiss, ECF No. 25. On December 14, 2018, Mr. LeFevre voluntarily dismissed the Town of Southold as a Defendant. ECF No. 51.

On November 9, 2017, the Individual Defendants moved to dismiss. Second Mot. to Dismiss, ECF No. 38. On February 9, 2018, Mr. LeFevre voluntarily dismissed the Individual Defendants. ECF No. 57.

## II. STANDARD OF REVIEW

Under Federal Rule 41(a)(1)(A)(i), "[s]ubject to any applicable federal statute, a plaintiff may voluntarily dismiss an action by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." *Youssef v. Tishman Const. Corp.*, 744 F.3d 821, 823 (2d Cir. 2014). "So long as [the] plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a Notice of dismissal . . . . That document itself closes the file." *Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) (quoting *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)).

When a party voluntarily dismisses a defendant from a suit, that defendant's pending motions become moot and may be dismissed. *See A.B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir. 1952) ("Where by an act of the parties, or subsequent law, the existing controversy has come to an end, the case becomes moot and should be treated accordingly.") (quoting *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920)).

### III. DISCUSSION

Mr. LeFevre voluntarily dismissed the Town of Southold and the Individual Defendants before either Defendant filed an Answer to the Complaint. *See* ECF No. 51, 57. Mr. LeFevre's claims against the Town of Southold and the Individual Defendants therefore are dismissed. *See Thorp*, 599 F. 2d at 1176; *see also Guigliano v. Danbury Hosp.*, 396 F. Supp. 2d 220, 225 (D. Conn. 2005) (stating that the plaintiff's dismissal was valid and therefore any actions concerning that defendant are denied).

In light of Mr. LeFevre's voluntary dismissals of the Town of Southold and the Individual Defendants, both motions to dismiss are now moot. *See Guigliano*, 396 F. Supp. 2d at 225 (holding that the defendant's motion to dismiss as moot since the court has accepted the plaintiff's voluntary dismissal of that defendant); *Thompson v. Ocwen Fin. Corp.*, No 3:16-cv-01606 (JAM), 2018 WL 513720, at *13 (D. Conn. January 23, 2018) (holding that the defendant's motion to dismiss was moot after defendants had been voluntarily removed from the claim); *Goodman v. Bremby*, No. 3:16-cv-00665 (MPS), 2017 WL 4169427, at *13 (D. Conn. Sept. 20, 2017) (stating a defendant's motion to dismiss was moot because the plaintiff had voluntarily dismissed that defendant from the claim); *see also Williams v. Cmty. Solutions, Inc.*, 932 F. Supp. 2d 323, 327 (D. Conn. 2013) (noting that the voluntary dismissal of a defendant "render[s] the motion to dismiss moot").

### IV. CONCLUSION

For the reasons discussed above, the motions to dismiss are **DENIED** as moot.

The Clerk of the Court is directed to update the caption as necessary to reflect that Defendants the Town of Southold and the Individual Defendants are no longer parties to this case.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of June, 2018.

                                                    /s/ Victor A. Bolden
                                          VICTOR A. BOLDEN
                                          UNITED STATES DISTRICT JUDGE